IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1113 (MN) |
| | ) |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Shantell D. Newman, New Castle, Delaware – Pro Se Plaintiff.

October 9, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On December 6, 2023, Plaintiff Shantell D. Newman filed this civil action. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

In her Complaint, Plaintiff alleges that between 2019 and 2023, in Wilmington, Delaware, Defendant, whom the Complaint identifies as a U.S. Government Defendant, was involved in wrongful actions causing Plaintiff's social security number to be compromised, resulting in an estimated $24 million in money damages by way of "profits [Defendant] made from [Plaintiff's] social security number and commercial charges." (D.I. 2 at 3-4, 10). She further alleges that both Plaintiff and Defendant reside in Delaware. (*Id.* at 2).

Plaintiff alleges that Defendant was a part of nefarious activities, involving guns, drugs, sex, and identity theft in Wilmington. (*Id.* at 5). Plaintiff further alleges that Defendant stole Plaintiff's social security number to "open accounts," "get business," and "create 'LLC'" in China, Japan, Russia, the Netherlands, and elsewhere. (*Id.* at 5-6, 8). In 2022, Plaintiff reported to law enforcement that Defendant and his father, the sitting President of the United States, were using Plaintiff's social security number for illegal business practices abroad. (*Id.* at 6). According to Plaintiff, law enforcement discovered multi-million-dollar accounts, as well as accounts that "helped fund the lab that created COVID-19," while looking into Plaintiff's identity theft case. (*Id.* at 6-7). Plaintiff also alleges that Defendant used his deceased brother, the former Attorney General of Delaware, to "lock [Plaintiff] up" and "to use [Plaintiff's] Social Security number." (*Id.* at 8). Finally, Plaintiff alleges that Defendant used his father, the sitting President, "to go against the community" in other unspecified ways. (*Id.* at 9).

In addition to an estimated $24 million in money damages, Plaintiff seeks by way of this action for Plaintiff and her people to be free, for justice to be served, and "that [her] gun charge is also overturned." (*Id.* at 8-9).

## II.    SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per

curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Plaintiff's Complaint is frivolous. The Complaint details a coordinated effort by Defendant, the sitting President of the United States, and the (now-deceased) former Attorney General of Delaware to arrest Plaintiff for a firearms offense, steal her social security number, and use her identity to establish multi-million-dollar offshore businesses and accounts that were involved in, among other things, funding a laboratory that created the COVID-19 virus, resulting in an estimate $24 million in monetary damages. This fantastic factual scenario appears to be the basis for any civil claims Plaintiff intends to raise by way of the Complaint. As such, dismissal is warranted. *See Dooley*, 957 F.3d. at 374.

### IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

An appropriate Order will be entered.